UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CRIMINAL No. 6:05cr72 |
| MICHAEL BOSWELL | § | |

**REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On March 3, 2006, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Michael Boswell ("Boswell"). The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and the Defendant was represented by appointed counsel, Wayne Dickey.

Defendant plead guilty to one count of Conspiracy to Commit Bank Theft and to Possess Stolen Mail in violation of 18 U.S.C. § 371, a Class D felony. On January 4, 2003, U.S. District Judge Jerry Buchmeyer sentenced the Defendant to 37 months in prison followed by 3 years supervised release. On May 19, 2005, Defendant completed the term of imprisonment and began the term of supervised release.

Under the terms of supervised release Defendant was required to: report to the probation officer as directed and submit a truthful and complete written report within the first five days of each month; refrain from using any controlled substance; and participate in a program of testing and treatment for drug abuse until released from the program by probation.

In its petition, the government alleges that Boswell violated three separate conditions of his supervised release: first, by failing to report to the U.S. Probation Office as instructed on November

28, 2005, December 29, 2005, and January 11, 2006; second, by submitting urine specimens that tested positive for cocaine on July 14, 2005, August 16 and 24, 2005; finally, by failing to participate in drug counseling from August 12, 2005 through January 13, 2006, and by failing to submit to drug testing on November 1, 9, 15, 21, and 29, 2005, December 1, 8, 13, 21, and 29, 2005, January 5 and 12, 2006.

According to 18 U.S.C. § 3583(g) the Court shall revoke a Defendant's supervised release and impose a term of imprisonment if Defendant possesses a controlled substance, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. Upon finding a violation, the Court may impose a sentence no longer than two years where, as in this case, Defendant was originally convicted of a Class D felony. 18 U.S.C. § 3583(g)(3).

If the Court finds by a preponderance of the evidence that Boswell violated the conditions of his supervised release by possessing cocaine as evidenced by testing positive for the drug, he will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.1(a). The guideline range for a Grade B violation for a Defendant with a criminal history category of VI is 21 to 24 months. The remaining allegations in the government's petition constitute Grade C violations, and if the Court should elect to impose a term of imprisonment for those violations, the guideline range would be 8 to 14 months.

Defendant plead True to possessing cocaine as evidenced by his submission of urine specimens that tested positive for cocaine on July 14, 2005, August 16 and 24, 2005. The government agreed not to pursue the remaining allegations in its petition, and joined the U.S. Probation Office in recommending the Court impose a 21 month term of imprisonment with no supervised release to follow. The Defendant had no objection to the government's recommendation,

but requested that he be imprisoned at FCI Seagoville.

The Court finds that the Defendant's plea was made freely and voluntarily and that the Defendant is competent to enter this plea. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant, Michael Boswell, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 21 months with no supervised release to follow. Further, the Court recommends that Defendant's sentence be served at FCI Seagoville.

This report and recommendation replaces a previous report and recommendation (Doc. 18) that was entered on March 7, 2006. Therefore, the Court hereby VACATES Docket No. 18 and enters this report and recommendation in its place.

**So ORDERED and SIGNED this 8th day of March, 2006.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE